UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

POSH ENTERTAINMENT, INC.,
        Plaintiff,        CIVIL ACTION NO. 06-CV-11991-DT

  VS.        DISTRICT JUDGE MARIANNE O. BATTANI

ETON STREET RESTAURANT, INC.,        MAGISTRATE JUDGE MONA K. MAJZOUB
        Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR AN ORDER COMPELLING DISCOVERY AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO FILE A WITNESS LIST AND REVEAL EXPERT WITNESSES AND IMPOSING SANCTIONS**

This matter comes before the Court on two discovery motions filed by Defendant. (Docket nos. 31, 34). Plaintiff has responded to the first motion but not to the second motion. (Docket no. 35). The Court heard arguments of counsel on April 23, 2007. Both motions have been referred to the undersigned by Judge Battani for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket nos. 32, 37). These motions are now ready for ruling.

**I. Defendant's Motion for an Order Compelling Discovery or For Dismissal**

Defendant served Interrogatories on Plaintiff on December 19, 2006. (Docket no. 31, ex. A). On the same day, Defendant served a Request for Production of Documents and Things on Plaintiff. (*Id.* ex. B). In the first motion, Defendant alleges that Plaintiff has failed to serve answers to the Interrogatories and has failed to serve written responses to the Request for Production. (Docket no. 31). At the April 23 hearing, Defendant's counsel withdrew the motion as to the Interrogatories.

With regard to Defendant's Request for Production of Documents, Plaintiff has not responded to this discovery request. A response was due "within 30 days after the service of the request." Fed.

R. Civ. P. 34(b).  Plaintiff's response is therefore over 3 months overdue.  Plaintiff has not shown good cause or substantial justification for this failure to respond.  Defendant's motion to compel Plaintiff's responses to its Request for Production of Documents will be granted.  In addition, the Court finds that a sanction of $250 against Plaintiff is appropriate.  Fed. R. Civ. P. 37(a)(4)(A).  The parties are attempting now to draft an acceptable protective order under which these documents would be produced.  If the parties cannot agree on the language of a protective order on or before 5:00 p.m. on Friday, April 27, each must each submit to these chambers his respective proposed protective order.  The Court will then enter an appropriate protective order.  On or before May 7, 2007 Plaintiff will respond to Defendant's Request for Production of Documents and Things served on December 19, 2006 and produce the requested documents under the protective order that will be entered.

## II. Defendant's Motion to Dismiss for Failure to File a Witness List and Reveal Expert Witnesses

Defendant's second motion is based upon Plaintiff's failure to exchange its witness list.  The scheduling order entered by Judge Battani in this case required each party's witness list to be filed by February 27, 2007.  (Docket no. 27).  Defendant filed its motion on April 6, 2007, at which time it had not received Plaintiff's witness list.  (Docket no. 34).  Counsel for Defendant stated during the April 23 hearing that he had recently received a witness list from Plaintiff's counsel.  Upon the Court's review of that witness list the Court found that it did not comport with the Rules of Civil Procedure governing the disclosure of expert witnesses.  *See* Fed. R. Civ. P. 26(a)(2).  This was particularly true for Plaintiff's designation of an expert economist (number 3) and an expert in marketing (number 4).  Plaintiff's report failed to disclose the identity of the expert because the disclosure was couched in terms of the expert "possibly" being this person or one of these persons.  Plaintiff's counsel stated during the hearing that Plaintiff had not entered into any retention agreement with its proposed experts and therefore had no expert reports prepared.

The Court finds that Plaintiff's witness list was exchanged well after it was due under Judge Battani's scheduling order. Plaintiff's counsel gave no good reason for this failure to obey the Court's Order. Moreover, the list that was exchanged late was not in conformity with the Rules. The Court finds that a sanction of $250 against Plaintiff is appropriate for its failure to timely exchange its witness list and other failures discussed above necessitating the filing of Defendant's motion and its hearing. Plaintiff will supplement its witness list and correct the defects discussed above on or before May 25, 2007. Expert reports will be exchanged by this date also. The parties will approach Judge Battani to request an extension of the previously set discovery deadlines.

**IT IS THEREFORE ORDERED** that Defendant's Motion for an Order Compelling Discovery (docket no. 31) is **GRANTED IN PART AND DENIED IN PART** in that on or before 5:00 p.m. on April 27, 2007 the parties will either submit a joint, stipulated protective order to the Court or submit their respective drafts of a protective order. On or before May 7, 2007, Plaintiff will respond to Defendant's Request for Production of Documents and Things served on December 19, 2006 and produce the requested documents under the protective order that the Court will enter.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss for Failure to File a Witness List and Reveal Expert Witnesses (docket no. 34) be **GRANTED IN PART AND DENIED IN PART** in that on or before May 25, 2007 Plaintiff is ordered to supplement its witness list specifically identifying its expert witnesses. In addition, on or before May 25, 2007 the parties will exchange expert reports.

**IT IS FURTHER ORDERED** that sanctions against Plaintiff are awarded for reasonable attorney fees and costs in the amount of $250 for its failure to properly respond to Defendant's Request for Production of Documents and Things served on December 19, 2006. Plaintiff shall remit to Defendant's counsel this amount on or before 5:00 p.m. on April 25, 2007.

**IT IS FURTHER ORDERED** that sanctions against Plaintiff are awarded for reasonable attorney fees and costs in the amount of $250 for its failure to properly serve its witness list.  Plaintiff shall remit to Defendant's counsel this amount on or before 5:00 p.m. on April 25, 2007.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: April 24, 2007                     s/ Mona K. Majzoub
                                          MONA K. MAJZOUB
                                          UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: April 24, 2007                     s/ Lisa C. Bartlett
                                          Courtroom Deputy